IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. ROBINSON,<br><br>  Plaintiff,<br><br>  v.<br><br>ARGENT MORTGAGE COMPANY, LLC, et al.,<br><br>  Defendants._____/ | No. C-09-2075 MMC<br><br>**ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANTS' MOTIONS TO DISMISS; DEFERRING DEFENDANT ARGENT MORTGAGE COMPANY LLC'S MOTION TO STRIKE** |

Before the Court are three motions: (1) defendant Barclays Capital Real Estate, Inc., ("Barclays") and Wells Fargo Bank, NA as Trustee's ("Wells Fargo") motion to dismiss, filed July 4, 2009; (2) defendant Argent Mortgage Company, LLC's ("Argent") motion to dismiss, filed July 8, 2009; and (3) Argent's motion to strike, likewise filed July 8, 2009. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision thereon, hereby VACATES the hearings scheduled for August 14, 2009, and rules as follows.[1]

**DISCUSSION**

The instant action, in which plaintiff alleges ten Causes of Action arising out of a loan transaction, was removed from state court on the ground that plaintiff had alleged claims arising under federal law. (See Notice of Removal ¶ 7.) The sole federal claim in the

---

[1] On August 7, 2009, plaintiff filed a "Reply" to Argent's reply to plaintiff's opposition to Argent's motion to dismiss. Such filing was unauthorized. See Civ. L.R. 7-3(d) (providing, with exception of "Statement of Recent Decision," after reply is filed, "no additional memoranda, papers or letters may be filed without prior Court approval"). The Court, however, in its discretion, has considered the filing.

1  action is plaintiff's Eighth Cause of Action ("Violation of Fair Housing Act (1988
2  Amendment)" ("FHA")).² As Argent points out, claims under the FHA are subject to a two-
3  year statute of limitations. See 42 U.S.C. § 3613(a)(1)(A) (providing "[a]n aggrieved person
4  may commence an action in an appropriate United States district court or State court not
5  later than 2 years after the occurrence or the termination of an alleged discriminatory
6  housing practice"). Such statute of limitations "begins to run when the discriminatory act
7  occurs–not when it's encountered or discovered." See Garcia v. Brockway, 526 F.3d 456,
8  465 (9th Cir. 2008). Here, as noted, plaintiff's claims arise out of a loan transaction; plaintiff
9  alleges he "obtained the loan . . . in 2004." (See First Amended Complaint ("FAC") ¶ 27.0.)
10 Plaintiff's complaint was not filed, however, until March 23, 2009 (see Notice of Removal ¶
11 1), and, consequently, plaintiff's FHA claim is time-barred.

12      Further, to the extent plaintiff attempts to assert that defendants' conduct constituted
13 a "continuing violation" of the FHA, see Garcia, 526 F.3d at 462, plaintiff's argument is
14 unavailing. In particular, although plaintiff alleges defendants had a "practice/policy during
15 and after 2004 [of] soliciting loans in minority communities" (see, e.g., FAC ¶ 134.0),
16 plaintiff has failed to allege he was deprived of his rights under the FHA by any "incident"
17 that occurred within the limitations period and in which any such practice or policy was
18 "manifested," see Havens Realty Corp. v. Coleman, 455 U.S. 363, 380-81 (1982) (holding
19 where plaintiff under FHA "challenges not just one incident of conduct violative of the
20 [FHA], but an unlawful practice that continues into the limitations period, the complaint is
21 timely when it is filed within [two years] of the last asserted occurrence of that practice";
22 finding although claim based on "a continuing violation manifested in a number of
23 incidents–including at least one . . . within the [limitations] period" was timely, claim based
24 solely on incidents outside limitations period was untimely).

25

26  ²Although the title page of plaintiff's First Amended Complaint ("FAC") lists a claim
27  for "Violation of High-Rate Home Equity Loan Protection Act ('HOEPA')," which the Court
    construes as a reference to the Home Ownership and Equity Protection Act, Pub. L. No.
28  103-325, Title I, Subtitle B, 108 Stat. 2190 (1988), no such claim is pleaded in plaintiff's
    FAC.

1       Accordingly, to the extent defendants seek dismissal of plaintiff's Eighth Cause of
2 Action, defendants' motions to dismiss will be granted.  The Court, however, will afford
3 plaintiff an opportunity to file a Second Amended Complaint curing the deficiencies noted.
4       In light of the above, to the extent defendants seek dismissal of plaintiff's state law
5 claims, and to the extent Argent seeks an order striking the punitive damages and class
6 action allegations in plaintiff's FAC, the Court will defer ruling until such time as plaintiff
7 either pleads a viable federal claim or the Court determines no such claim can be pleaded.

**CONCLUSION**

9       For the reasons stated above:
10       1. To the extent defendants seek dismissal of plaintiff's Eighth Cause of Action,
11 defendants' motions to dismiss are hereby GRANTED, and plaintiff's Eighth Cause of
12 Action is hereby DISMISSED.
13       2. To the extent defendants seek dismissal of plaintiff's First through Seventh and
14 Ninth and Tenth Causes of Action, and to the extent Argent seeks an order striking the
15 punitive damages and class action allegations in plaintiff's FAC, the Court will defer ruling
16 until such time as plaintiff either pleads a viable federal claim or the Court determines no
17 such claim can be pleaded.
18       3. To the extent plaintiff may be able to cure the deficiencies noted in his Eighth
19 Cause of Action, the Court will afford plaintiff an opportunity to file a Second Amended
20 Complaint.  Any such Second Amended Complaint shall be filed no later than September 4,
21 2009.  If filed, such amended pleading shall omit any reference, on the title page or
22 elsewhere, to a cause of action under HOEPA (see supra, at 2 n.2).  If plaintiff seeks to
23 plead such a claim, plaintiff must first seek and obtain approval from the Court to do so.
24       **IT IS SO ORDERED.**

26 Dated: August 11, 2009

                               MAXINE M. CHESNEY
                               United States District Judge