IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. ROBINSON,<br><br>    Plaintiff,<br><br>  v.<br><br>ARGENT MORTGAGE COMPANY, LLC, et al.,<br><br>    Defendants | No. C-09-2075 MMC<br><br>**ORDER GRANTING IN PART AND DEFERRING IN PART RULING ON DEFENDANTS' MOTIONS TO DISMISS; DEFERRING RULING ON DEFENDANT ARGENT'S MOTION TO STRIKE; AFFORDING PLAINTIFF LEAVE TO FILE THIRD AMENDED COMPLAINT; VACATING OCTOBER 9 AND OCTOBER 16 HEARINGS** |

Before the Court are three motions: (1) defendant Barclays Capital Real Estate, Inc., ("Barclays") and Wells Fargo Bank, NA ("Wells Fargo") "Motion to Dismiss Second Amended Complaint," filed September 3, 2009; (2) defendant Argent Mortgage Company, LLC's ("Argent") "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(f)(6)," filed September 4, 2009; and (3) Argent's "Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)," filed September 4, 2009.  Plaintiff Anthony M. Robinson, proceeding pro se, has filed opposition to each of the above-referenced motions, and Argent, with respect to each of its motions, has filed a reply.[1]  Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision on the parties' respective filings, hereby VACATES the October 9, 2009 hearing scheduled for Barclays and Wells Fargo's motion, and the October 16, 2009 hearing scheduled for Argent's motions, and rules as follows.

---

[1]No reply was filed by Barclays and Wells Fargo.

**A. Federal Claims**

In the operative pleading, titled "Amended 2nd Class Action" ("SAC"), plaintiff alleges fourteen causes of action arising out an "adjustable rate mortgage" transaction that occurred between plaintiff and Argent. (See SAC ¶¶ 15.0, 27.0.) Five of the causes of action arise under federal law, each of which is based on the theory that plaintiff, in 2004, obtained from Argent an "adjustable loan," which loan Argent made to him as part of an alleged scheme whereby Argent "created, maintained and enforced higher loans for [p]laintiff and other minorities in racial markets than those for whites in their neighborhoods." (See, e.g., SAC ¶¶ 7.0, 29.0, 139.0, 154.0, 169.0., 191.0.)[2] Defendants, in their respective motions to dismiss, argue each of plaintiff's federal claims is subject to dismissal for failure to state a claim.

**1. Fair Housing Act**

In his Eighth Cause of Action, plaintiff alleges that each of the defendants has violated the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq. See 42 U.S.C. § 3605(a) (providing it is "unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin").

By order filed August 11, 2009 order, the Court found the Eighth Cause of Action was not filed within the applicable two-year period of limitations (see Order, filed August 11, 2009, at 2:2-11 (citing 42 U.S.C. § 3613(a)(1)(A)),[3] and afforded plaintiff the opportunity to amend to allege facts to support a finding that defendants' alleged misconduct constituted a "continuing violation" of the FHA, (see id. at 2:12 - 3:3).

Where a plaintiff alleges that "different specific incidents allegedly in violation of the [FHA]" have occurred, that such incidents constitute an "unlawful practice," and that at least

---

[2] According to the SAC, Argent sold the loan to Wells Fargo in 2005, and Wells Fargo thereafter authorized Barclays to service the loan. (See SAC ¶¶ 30.0, 31.0.)

[3] Plaintiff filed his initial complaint on March 23, 2009.

2

one such incident occurred within the limitations period, the plaintiff's claims based on the incidents outside the limitations period are not barred by the statute of limitations. See Havens Realty Corp. v. Coleman, 455 U.S. 363, 380-81 (1982) (holding "continuing violations" theory applicable to claims under FHA). Here, plaintiff alleges only one incident, specifically, that his rights under the FHA were violated in 2004 by reason of the terms of a loan made by Argent to plaintiff in that year. (See SAC ¶¶ 0.0, 16.0, 25.0, 29.0, 131.0.) Because plaintiff does not allege Argent, or any other defendant, engaged in a violation of the FHA within the limitations period, the "continuing violations theory" is inapplicable hereto.[4]

As noted, plaintiff has been provided the opportunity to amend to state a timely claim under the FHA, and has failed to do. In his opposition, plaintiff fails to identify any further theory on which he could establish his FHA claim is timely.

Accordingly, the Eighth Cause of Action is subject to dismissal without further leave to amend.

**2. Civil Rights Claims**

In the SAC, plaintiff alleges three civil rights claims. Specifically, in the Ninth Cause of Action, plaintiff alleges a violation of 42 U.S.C. § 1981, in the Tenth Cause of Action, plaintiff alleges a violation of 42 U.S.C. § 1982, and in the Eleventh Cause of Action, plaintiff, although titled as a claim brought under 42 U.S.C. § 1988, in fact alleges a violation of 42 U.S.C. § 1982.[5] Defendants contend each of plaintiff's civil rights claims is

---

[4]Although the SAC alleges plaintiff has continued to be harmed by Argent's asserted discriminatory act, "a continuing violation is occasioned by continual unlawful acts, not by continued ill effects from an original violation." See Garcia v. Brockway, 526 F.3d 456, 462 (9th Cir. 2008) (internal quotation, citation, and alteration omitted).

[5]In the Eleventh Cause of Action, plaintiff also alleges that "[t]he Civil Rights Act under 42 USC 1988 Mandates that all citizens of the United States shall have the same right, in every State and territory as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey reason [sic] and personal property." (See FAC ¶ 177.0 (emphasis added).) Section 1988, however, addresses the subject of concurrent jurisdiction, see 42 U.S.C. § 1988(a), and provides for awards of attorney's fees, see 42 U.S.C. §§ 1988(b), 1988 (c), whereas § 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal

3

barred by the statute of limitations.

Federal civil rights claims are subject to a two-year statute of limitations. See Taylor v. Regents, 93 F.2d 710, 711 (9th Cir. 1993) (holding forum state's statute of limitations for personal injury actions governs claims brought under § 1981); Adams v. Hawaii Property Ins. Ass'n, 247 Fed. Appx. 892, 893 (9th Cir. 2007) (holding forum state's statute of limitations for personal injury actions governs claims brought under § 1982); Cal. Code Civ. Proc. § 335.1 (providing cause of action for personal injury must be brought "within two years").

Here, as noted, plaintiff alleges the conduct giving rise to his civil rights claims occurred in 2004; consequently, such conduct occurred more than four years before plaintiff filed his initial complaint in March 2009. In his opposition, plaintiff argues his civil rights claims nonetheless are not barred because he first became aware of defendants' "illegal actions" in 2008. (See Pl.'s Opp. to Barclays and Well's Fargo's Mot. at 22-23; Pl.'s Opp. to Argent's Mot. at 27-28.) A federal civil rights claim accrues, however, at the time the plaintiff knows, or should know, he "[has] been injured and by whom, even if at that point in time the plaintiff[ ] did not know of the legal injury, i.e., that there was an allegedly discriminatory motive underlying the [defendant's act]." See Lukovsky v. City of County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008). Here, there are no facts alleged in the SAC that would support a finding that plaintiff, at the time he entered the adjustable loan agreement, was either unaware of its terms or that Argent was the lender, even if, at that time, plaintiff may have been unaware of Argent's assertedly discriminatory motivation.

Moreover, to the extent the Ninth, Tenth, and Eleventh Causes of Action are alleged against Barclays and Wells Fargo, the claims are subject to dismissal because plaintiff fails to allege any facts to support a finding that Barclays or Wells Fargo engaged in an act of discrimination at any time. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (holding "[t]o survive a motion to dismiss," the complaint must plead "factual content that allows the

---

property," see 42 U.S.C. § 1982.

4

court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Finally, because the Tenth and Eleventh Causes of Action are both based on a violation of § 1982, and are based on essentially identical allegations (see SAC ¶¶ 163.0-175.0, ¶¶ 178.0-190.0), the Eleventh Cause of Action is subject to dismissal for the further reason it is duplicative of the Tenth Cause of Action.

Accordingly, the Ninth, Tenth, and Eleventh Causes of Action will be dismissed.[6]

Because plaintiff has not had a prior opportunity to cure the above-noted deficiencies in his §§ 1981 and 1982 claims, the Court will afford plaintiff leave to amend his Ninth and Tenth Causes of Action to cure, if he can do so, any such noted deficiency.

### 3. Homeowners' Protection Act

In the Twelfth Cause of Action, plaintiff alleges a violation of the Homeowners' Protection Act ("HPA"), 12 U.S.C. § 4901 et seq. Defendants argue the SAC fails to include any facts to support a claim under the HPA.[7]

The HPA limits the circumstances under which private mortgage insurance can be required in connection with a residential mortgage transaction, see 12 U.S.C. § 4902, and provides notice requirements for both "private mortgage insurance," see 12 U.S.C. §§ 4903-04, and "lender paid mortgage insurance," see 12 U.S.C. § 4905. Although plaintiff alleges he was not provided the notices required by the HPA (see SAC ¶¶ 200.0-205.0), plaintiff fails to allege he was required to obtain either type of mortgage insurance.

---

[6] Contrary to Argent's argument, however, plaintiff's allegation that he entered into a contract with Argent does not, as a matter of law, bar his claim under § 1981, in light of plaintiff's allegation that Argent, with discriminatory intent, treated white and non-white mortgagors differently. See Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091, 1102 (10th Cir. 2001) (holding § 1981 applies to discrimination claims where "contract has been established"; citing, as example, claim based on theory restaurant provides services to all persons, but requires non-whites only to prepay).

[7] Defendants also argue there is no private cause of action under the HPA. Section 4907 provides, however, that a mortgagor may bring a civil action against a "servicer, mortgagee, or mortgage insurer" who has violated the FHA, and may recover "any actual damages sustained" and/or "statutory damages." See 12 U.S.C. § 4907(a).

5

Consequently, plaintiff's allegations fail to implicate any substantive provision of the HPA.[8]

Because plaintiff has not had a prior opportunity to cure the above-noted deficiencies in his HPA claim, the Court will afford plaintiff leave to amend his Twelfth Cause of Action to cure, if he can do so, any of the deficiencies noted above.

**B. State Law Claims and Motion to Strike**

The instant action was removed from state court on the ground plaintiff has alleged claims arising under federal law. (See Notice of Removal ¶ 7.) As discussed above, each of plaintiff's federal claims has been dismissed.

In light thereof, to the extent defendants seek dismissal of plaintiff's state law claims, and to the extent Argent seeks an order striking plaintiff's punitive damages and class action allegations, the Court will defer ruling until such time as plaintiff either pleads a viable federal claim or the Court determines no such claim can be pleaded. See 28 U.S.C. § 1367(c)(3) (providing district court has discretion to decline to exercise supplemental jurisdiction over state law claims where "district court has dismissed all claims over which it has original jurisdiction").

**CONCLUSION**

For the reasons stated above:

1. To the extent defendants seek dismissal of the Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action, defendants' motions to dismiss are hereby GRANTED, and plaintiff's Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action are hereby DISMISSED.

2. To the extent defendants seek dismissal of plaintiff's state law claims, and to the extent Argent seeks an order striking plaintiff's punitive damages and class action allegations, the Court hereby DEFERS ruling thereon until such time as plaintiff either

---

[8] Defendants argue plaintiff's HPA claim is barred by the applicable two-year statute of limitations. See 12 U.S.C. § 4907(b). Because plaintiff has failed to allege any facts implicating the HPA, however, it is not possible to determine the date on which any HPA claim may have accrued. Consequently, the Court does not address herein defendants' argument in support of such defense.

pleads a viable federal claim or the Court determines no such claim can be pleaded.

     3. To the extent plaintiff may be able to cure the deficiencies noted above with respect to his Ninth, Tenth, and/or Twelfth Causes of Action, the Court will afford plaintiff an opportunity to file a Third Amended Complaint. If plaintiff elects to file a Third Amended Complaint, he shall file it no later than October 30, 2009 and shall not include therein a claim under the Fair Housing Act and/or duplicative claims under 42 U.S.C. § 1982.[9] Moreover, if plaintiff wishes to include any new claims in a Third Amended Complaint, plaintiff must file and notice for hearing a motion for leave to amend to add such claims.

**IT IS SO ORDERED.**

Dated: October 6, 2009

                                      MAXINE M. CHESNEY
                                      United States District Judge

---

[9] Plaintiff is not required to file a Third Amended Complaint. If, as of October 30, 2009, plaintiff has not filed a Third Amended Complaint, the instant action will proceed on the state law claims as set forth in the Second Amended Complaint.