IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. ROBINSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARGENT MORTGAGE COMPANY, LLC, et al.,<br><br>　　　　Defendants | No. C-09-2075 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND FOR LEAVE TO AMEND; STRIKING THIRD AMENDED COMPLAINT; VACATING DECEMBER 18, 2009 HEARING; AFFORDING PLAINTIFF LEAVE TO FILE FOURTH AMENDED COMPLAINT** |

　　　　Before the Court is plaintiff Anthony M. Robinson's "Motion for Reconsideration Under FRCP 59 & A Right to File Amendments in My 3rd Amended Complaint," filed October 27, 2009 and noticed for hearing December 18, 2009, by which plaintiff seeks reconsideration of the Court's order of October 6, 2009. Also before the Court is plaintiff's "Motion to File Amendments To To [sic] File Amendments in My 3rd Amended Complaint," along with an Amended 3rd Class Action Legal Complaint ("TAC"), also filed October 27, 2009 and likewise noticed for hearing December 18, 2009. Having read and considered the above-referenced filings, the Court rules as follows.[1]

　　　　By order filed October 6, 2009, the Court granted in part defendants' motions to dismiss plaintiff's "Amended 2nd Class Action" ("SAC"). In that order, the Court dismissed

---

[1]The December 18, 2009 hearings are hereby VACATED.

1   each of the federal claims alleged in the SAC.[2]  In particular, the Court (a) dismissed
2   without leave to amend the Eighth Cause of Action, by which plaintiff alleged a violation of
3   the Fair Housing Act ("FHA"), (b) dismissed with leave to amend the Ninth Cause of Action,
4   by which plaintiff alleged a violation of 42 U.S.C. § 1981, (c) dismissed with leave to amend
5   the Tenth Cause of Action, by which plaintiff alleged a violation of 42 U.S.C. § 1982,
6   (d) dismissed as duplicative the Eleventh Cause of Action, by which plaintiff alleged the
7   same violation of 42 U.S.C. § 1982 as that set forth in his Tenth Cause of Action, and
8   (e) dismissed with leave to amend the Twelfth Cause of Action, by which plaintiff alleged a
9   violation of the Homeowners' Protection Act ("HPA").  With respect to the claims for which
10  leave to amend was afforded, the Court directed plaintiff to file his TAC, if any, no later than
11  October 30, 2009, and expressly directed plaintiff not to include therein a claim under the
12  FHA.
13         As noted, on October 27, 2009, plaintiff filed a TAC.  In his TAC, plaintiff has,
14  contrary to the Court's October 6, 2009 order, included a clam under the FHA.  By the
15  instant motions, plaintiff, in essence, seeks reconsideration of the October 6, 2009 order to
16  the extent it dismissed his FHA claim without leave to amend.
17         Under the Local Rules of this District, a party seeking reconsideration of an order
18  entered before entry of judgment adjudicating all claims in an action must file a motion for
19  leave to file a motion for reconsideration.  See Civil L.R. 7-9(a).  Consequently, the Court
20  construes plaintiff's motion for reconsideration as a motion for leave to file a motion for
21  reconsideration.  As set forth below, the motion, so construed, will be denied.
22         First, a motion for leave to file a motion for reconsideration must "specifically show"
23  that a cognizable basis for reconsideration exists, see Civil L.R. 7-9(b); plaintiff's motion
24  fails to identify any such cognizable basis.  Second, to the extent plaintiff argues for the
25  first time that his initial complaint was improperly removed from state court, plaintiff is
26  incorrect; the initial complaint was properly removed because the Eighth Cause of Action in
27
28         [2]The Court deferred ruling on the motions to dismiss to the extent defendants sought dismissal of the state law claims alleged in the SAC.

the initial complaint alleged a violation of the FHA.  See 28 U.S.C. § 1441(b) (providing any civil action "founded on a claim or right arising under the . . . laws of the United States shall be removable").  Third, to the extent plaintiff argues he lacked notice that the Court would dismiss his FHA claim, plaintiff's argument is not well-taken; the Court dismissed the FHA claim for the reason it was barred by the statute of limitations, one of the grounds expressly raised in defendants' motions to dismiss.  (See Barclays Capital Real Estate Inc.'s Mot., filed September 3, 2009, at 5:8-9, 5:25-6:1, 6:24-28; Argent Mortgage Company's Mot., filed September 4, 2009, at 2:13-15, 11:21-12:5.)

Accordingly, the motion for leave to file a motion for reconsideration is hereby DENIED.  Further, the motion to amend, by which plaintiff seeks leave to reallege his FHA claim in the TAC, is hereby DENIED, and the Amended 3rd Class Action ("TAC") is hereby STRICKEN.

Finally, the Court notes that plaintiff, in the TAC, appears to have amended his § 1981 and HPA claims.  As noted, the October 6, 2009 order afforded plaintiff leave to amend those claims.

Accordingly, the Court hereby affords plaintiff leave to file, no later than November 25, 2009, a Fourth Amended Complaint ("4AC") that is in conformity with the Court's October 6, 2009 order.  Specifically, plaintiff may, in any 4AC, amend his § 1981, § 1982 and HPA claims, but may not include therein a claim under the FHA.[3]  Plaintiff is not, however, required to file a 4AC; if plaintiff elects not to file a 4AC, the action will proceed on the state law claims set forth in the SAC.

**IT IS SO ORDERED.**

Dated:  November 6, 2009

                                /s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

---

[3]Should plaintiff wish to amend his state law claims, plaintiff may do so in the 4AC.

3