IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. ROBINSON,<br><br>      Plaintiff,<br>  v.<br><br>ARGENT MORTGAGE COMPANY, LLC;<br>WELLS ARGO LTD AND THEIR AGENT<br>HOME EQ. DBA BARCLAYS REAL<br>ESTATE INC., and DOES 1-100,<br><br>      Defendants / | No. C-09-2075 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS; DISMISSING CLAIMS ARISING UNDER FEDERAL LAW; REMANDING STATE LAW CLAIMS; DENYING WITHOUT PREJUDICE MOTION TO STRIKE; VACATING JANUARY 15, 2010 HEARING** |

    Before the Court are three motions: (1) defendant Barclays Capital Real Estate, Inc., ("Barclays") and Wells Fargo Bank, NA ("Wells Fargo") "Motion to Dismiss Plaintiff's Fourth Amended Complaint," filed December 8, 2009; (2) defendant Argent Mortgage Company, LLC's ("Argent") "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)," filed December 7, 2009; and (3) Argent's "Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)," filed December 7, 2009. Plaintiff Anthony M. Robinson has filed opposition to each of the above-referenced motions, and defendants have replied. Additionally, Barclays and Wells Fargo have filed a notice of joinder in Argent's motion to strike, to which plaintiff has filed opposition. Having read and considered the papers filed in support of and in opposition to the above-referenced motions and notice of joinder, the Court deems the matters appropriate for decision on the parties' respective filings, hereby

VACATES the January 15, 2010 hearing, and rules as follows.

**A. Claims Arising Under Federal Law**

In the operative pleading, titled "Amended 4th Class Action Legal Complaint" ("4AC"), plaintiff alleges fourteen causes of action arising out an "adjustable rate mortgage" transaction between plaintiff and Argent in 2004. (See 4AC ¶¶ 15.0, 27.0.)[1] According to plaintiff, the subject mortgage was sold to Wells Fargo in "approximately" 2005, and has been serviced by Barclays since the date of the sale to Wells Fargo. (See 4AC ¶¶ 30.0, 31.0.)

Each of the two causes of action titled "Ninth Cause of Action," as well as the Eleventh Cause of Action, alleges violations of federal statutes. The Tenth Cause of Action, although titled "fraud under CC [California Civil Code] 1709," is based entirely on an alleged violation of a federal statute, and, consequently, is a claim arising under federal law. See Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) (holding claims brought under state law "arise under" federal law where "vindication of the state right necessarily turns upon construction of a substantial question of federal law").

Defendants, in their respective motions to dismiss, contend each of the above-referenced federal claims is subject to dismissal for failure to state a claim.

**1. Civil Rights Claims**

In the 4AC, plaintiff alleges two civil rights claims. Specifically, in the first of the two causes of action titled "Ninth Cause of Action," plaintiff alleges a violation of 42 U.S.C. § 1981, and, in the second cause of action titled "Ninth Cause of Action, plaintiff alleges a violation of 42 U.S.C. § 1982. Each of these causes of action is based on the theory that the loan plaintiff obtained from Argent was made as part of an alleged scheme whereby Argent "created, maintained and enforced higher loans for plaintiff and other minorities in racial markets than those rates for whites in their neighborhoods." (See 4AC ¶¶ 155.0, 170.0.)

---

[1] Although the last cause of action in the 4AC is titled "Thirteenth Cause of Action," the 4AC includes two separate claims titled "Ninth Cause of Action."

2

By order filed October 6, 2009, the Court found plaintiff's claims under § 1981 and § 1982 were subject to a two-year statute of limitations, and were subject to dismissal because such claims accrued in 2004 when plaintiff obtained the allegedly discriminatory loan from Argent. See Lukovsky v. City of County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) (holding federal civil rights claim accrues when plaintiff knows or should know he "[has] been injured and by whom, even if at that point in time the plaintiff[ ] did not know of the legal injury, i.e., that there was an allegedly discriminatory motive underlying the [defendant's act]"). Further, by said order, the Court found plaintiff's civil rights claims were subject to dismissal as against Barclays and Wells Fargo for the additional reason that plaintiff had failed to allege any facts to support a finding that Barclays or Wells Fargo engaged in any alleged deprivation of plaintiff's civil rights at any time. Finally, the Court gave plaintiff the opportunity to amend to cure the noted deficiencies.

As defendants, in their respective motions to dismiss, argue, plaintiff has failed to cure the deficiencies identified in the Court's October 6, 2009 order. Indeed, as Argent correctly points out, plaintiff did not substantively amend, in any way, his claims under either § 1981 or § 1982.

Accordingly, for the reasons stated in the Court's October 6, 2009 order, the Court finds plaintiff's claims under §§ 1981 and 1982 are subject to dismissal. Further, because plaintiff has had the opportunity to amend to state viable claims under those federal statutes, the Court finds it proper, at this time, to dismiss the two claims titled Ninth Cause of Action, i.e., plaintiff's claims under § 1981 and § 1982, without further leave to amend.

**2. Homeowners' Protection Act Claims**

In the Eleventh Cause of Action, plaintiff alleges a violation of the Homeowners' Protection Act ("HPA"), 12 U.S.C. § 4901 et seq. In the Tenth Cause of Action, plaintiff alleges a "fraud" claim premised entirely on an alleged violation of the HPA.

As was explained in the Court's October 6, 2009 order, the HPA limits the circumstances under which private mortgage insurance can be required in connection with a residential mortgage transaction, see 12 U.S.C. § 4902, and provides notice

requirements for both "private mortgage insurance," see 12 U.S.C. §§ 4903-04, and "lender paid mortgage insurance," see 12 U.S.C. § 4905. In said order, the Court dismissed plaintiff's HPA claim for the reason that plaintiff, while alleging he was not provided notices referenced in the HPA, had failed to allege he was required to obtain either type of mortgage insurance.

Defendants argue that plaintiff, in his 4AC, has not cured the deficiencies identified in the October 6, 2009 order.[2] The Court agrees. Plaintiff again fails to allege he was required to obtain either private mortgage insurance or lender paid mortgage insurance. Consequently, plaintiff's allegations fail to implicate any substantive provision of the HPA.

Accordingly, the Tenth and Eleventh Causes of Action are subject to dismissal. Further, because plaintiff has had the opportunity to amend to state a violation of the HPA, the Court finds it proper, at this time, to dismiss the Tenth and Eleventh Causes of Action without further leave to amend.

**B. State Law Claims and Motion to Strike**

The instant action was removed from state court on the sole ground that plaintiff had alleged claims arising under federal law. (See Notice of Removal ¶ 7.) Consequently, the Court's jurisdiction over the state law claims is supplemental in nature. See 28 U.S.C. § 1367(a).

A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." See 28 U.S.C. § 1367(c)(3). As discussed above, each of plaintiff's claims arising under federal law has been dismissed, and, given the early stage of the proceedings in federal court, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims and will remand those claims to state court.

---

[2]Defendants also argue there is no private cause of action under the HPA. As noted in the Court's October 6, 2009 order, however, § 4907 provides that a mortgagor may bring a civil action against a "servicer, mortgagee, or mortgage insurer" who has violated the FHA, and may recover "any actual damages sustained" and/or "statutory damages." See 12 U.S.C. § 4907(a).

4

Accordingly, to the extent defendants seek dismissal of the claims arising under state law, their respective motions to dismiss and Argent's motion to strike will be denied without prejudice.

**CONCLUSION**

For the reasons stated above:

1. To the extent defendants seek dismissal of the two causes of action titled Ninth Cause of Action, as well as the Tenth Cause of Action and the Eleventh Cause of Action, defendants' motions to dismiss are hereby GRANTED, and those causes of action are hereby DISMISSED without leave to amend.

2. The remaining claims in the 4AC, specifically, the First through Eighth Causes of Action, as well as the Twelfth Cause of Action and the Thirteenth Cause of Action, are hereby REMANDED to the Superior Court of California, in and for the County of Alameda, and to the extent defendants' motions seek dismissal or the striking of any portion thereof, the motions are hereby DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: January 8, 2010

MAXINE M. CHESNEY
United States District Judge